# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01035

JAMES BOWLING, individually and on behalf of all others similarly situated.

    Plaintiff,

v.

DaVita, INC.

    Defendant.

FLSA COLLECTIVE ACTION

JURY TRIAL DEMANDED

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. INTRODUCTION AND NATURE OF ACTION

1. Plaintiff James Bowling ("Bowling" or "Plaintiff") brings this suit as a collective action under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"), on his individual behalf and on behalf of the members of the proposed FLSA collective action defined below. Plaintiff and class members worked as hourly paid nurses and technicians at DaVita, Inc. ("DaVita" or "Defendant"), a nationwide healthcare provider who is headquartered in Denver, Colorado. Plaintiff and class members were not paid for short compensable rest breaks.

2. On numerous instances Plaintiff and Collective Action members were required to clock out for a rest break period of less than 20 minutes in duration, which time period went uncompensated. This had the effect of depriving nurses and technicians

of overtime compensation due to them under the FLSA in the weeks in which they worked more than forty (40) hours in a workweek in violation of the FLSA. On information and belief, all of DaVita's non-exempt, hourly paid direct patient care nurses and technicians were subjected to this illegal pay practice.

3. Plaintiff brings this suit under the collective action provisions of the FLSA because he and the putative collective action members are similarly situated under the FLSA in the following particulars: (a) they are or were hourly-paid direct patient care nurses and technicians; (b) Plaintiff and class members were not paid for rest periods less than 20 minutes in duration, and (c) Plaintiff and class members suffered overtime wage losses as a result of Defendant's failure to pay wages at the federally required overtime rate for rest breaks in the weeks in which the nurses and technicians worked more than forty hours in a week.

4. Accordingly, Plaintiff is similarly situated to the following classes of employees:

**FLSA Collective Action:**

- **FLSA Rest Break Class:**

  **All current and former hourly paid nurses and technicians employed at all DaVita locations to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of not paying for rest breaks 20 minutes or shorter in duration, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses and technicians worked more than forty (40) hours per week**

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the FLSA claims under 29 U S.C. § 216 et seq. and 28 U.S.C. § 1331.

6. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) & (c)(2) because Defendant operates its headquarters in the District of Colorado, and because the events giving rise to these claims occurred in this judicial district.

### III.   PARTIES

**A.   Plaintiff James Bowling and Collective Action Members**

7. Plaintiff James Bowling is an individual residing in Galveston County, Texas. Plaintiff has standing to file this lawsuit.

8. Plaintiff worked for Defendant from on or about August 2016 through on or about May 2021. Plaintiff was an employee of Defendant and paid on an hourly-rate basis. Plaintiff's written consent to become a party plaintiff to this action is attached to this Original Complaint as Exhibit 1.

9. Collective Action Members are all of Defendant's current and former hourly-paid, direct patient care nurses and technicians who work or worked at all DaVita locations three years prior to the filing of Plaintiff's Original Complaint to the present, and who are due unpaid overtime wages for unpaid rest breaks of less than 20 minutes in duration.

**B.   Defendant DaVita, Inc.**

10. Defendant DaVita Spohn Health System Corporation is a foreign corporation organized under the laws of the state of Delaware.

11. Defendant can be served through its registered agent: Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

### IV.   FLSA COVERAGE

12. At all material times, Defendant has been an employer within the meaning of Section 203(d) of the FLSA because it is a medical facility that employed personnel such as Plaintiff and Collective Action Members to operate DaVita. Plaintiff and Collective

Action Members worked exclusively for and under the sole direction and control of Defendant and for Defendant's financial gain. Plaintiff and Collective Action Members are nurses and technicians whose services are integral to the medical care business which Defendant operates. Plaintiff and Collective Action Members are economically dependent on Defendant's business: Defendant cannot operate DaVita without nurses and technicians; and without a medical facility like DaVita, Plaintiff and Collective Action Members do not have access to medical equipment, facilities and patients to earn a living as nurses and technicians. Furthermore, Plaintiff and Collective Action Members are classified as W-2 employees of Defendant.

13. At all material times, Defendant has been a "single enterprise" within the meaning of Section 203(r) of the FLSA because it acted through unified operation and common control to further its common purpose of operating DaVita.

14. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1)(A) of the FLSA ("Traditional Enterprise Coverage") because:

i) Defendant had and continues to have employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. By way of example and not by limitation, as a part of their work, Plaintiff and/or Defendant's employees (1) used computers and telecommunications equipment that were manufactured and shipped across state lines; (2) used medical supplies and equipment, including but not limited to, latex gloves, masks, medications, thermometers, stethoscopes, wheelchairs, ambulatory devices,

4

incontinency and personal care products, gowns, linens, and cleaning products; and (3) utilized third-party medical services for various diagnostics testing and reports/recommendations and lab work test (*e.g.*, dialysis, blood work, basic metabolic panel, complete metabolic panel, urinalysis, C-Doff, etc.).

ii) Upon information and belief, Defendant had an annual gross business volume in excess of $500,000 per year.

15. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1)(B) of the FLSA ("Named Enterprise Coverage") because:

i) Defendant is engaged in the operation of an institution primarily engaged in the care of the sick and the aged. Because Defendant operates an institution primarily engaged in the care of the sick and elderly it is per se an "enterprise in commerce" pursuant to Section 203(s)(1)(B).

16. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207(a)(2)(C) ("Individual Coverage") because Plaintiff had direct and substantial involvement with interstate commerce in ways which were regular, recurring, and a substantial part of their work. By way of example and not by limitation, Plaintiff incorporates the examples listed above in paragraph 14(i) of this complaint.

**V.      FACTUAL BACKGROUND**

17. DaVita is one of the largest providers of kidney care services in the United States. It employs specialized nursing and technician care to ensure the health and well-being of each of its patients. To provide continuous medical services to its patients, DaVita

employs thousands of healthcare workers throughout the United States. Based on information and belief, DaVita has employed thousands of nurses and technicians during the applicable FLSA three-year period.

18.  Plaintiff is a nurse who worked for DaVita from approximately August 2016 to on or about May 2021. He was paid approximately $38.50 per hour by the time of his separation from employment with Defendant.

19.  Plaintiff and Collective Action members are regularly scheduled to work numerous six-hour shifts per week at DaVita. However, Plaintiff and the class members have the option to pick up additional shifts, and frequently do so. In Plaintiff's case, he was regularly scheduled to work over 40 hours a week.

20.  Putative FLSA Collective Action members also regularly worked over 40 hours each week.

21.  Plaintiff alleges that as a result of a common policy and/or practice equally applicable to him and to every member of the FLSA Collective Action, Defendant failed to pay them at the time-and-one-half overtime rate required by federal law for work performed in those weeks in which they worked more than forty (40) hours in a week. Specifically, Plaintiff and Collective Action members were required to clock out for a rest break period of less than 20 minutes in duration without compensation. Regardless of whether this short break was originally intended to serve as a purported 30-minute meal break, but was cut short due to an interruption, such short breaks are compensable time under the FLSA.

22.  Defendant's failure to provide compensation for such short breaks was a violation of the FLSA in weeks where Plaintiff and Collective Action members worked

more than forty (40) hours in a workweek, as Plaintiff and Collective Action members did not receive all overtime pay due to them.

23. "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked." 29 CFR 785.18.

24. In other words, when employers do offer short breaks (usually lasting about 5 to 20 minutes), federal law considers the breaks as compensable work hours that would be included in the sum of hours worked during the workweek and considered in determining if overtime was worked.

25. Here, on numerous instances Plaintiff and Collective Action members were denied compensation for rest break periods of less than 20 minutes in duration. This had the effect of depriving nurses and technicians of overtime compensation due to them under the FLSA in the weeks in which they worked more than forty (40) hours in a week.

26. It is immaterial with respect to compensability of such breaks whether the employee drinks coffee, smokes, goes to the rest room, etc. *See* https://www.dol.gov/agencies/whd/fact-sheets/53-healthcare-hours-worked. Accordingly, regardless of whether a short break was intended to serve as a meal break, but was cut short due to an interruption, the rest periods of fewer than twenty minutes taken by Plaintiff and Collective Action members were compensable.

27. Evidence reflecting the number of uncompensated rest break hours worked by each Collective Action member, as well as their applicable regular and overtime rate, is in the possession of Defendant. Actual damages can be calculated easily once Defendant has produced complete payroll records for the class. Indeed, Defendant's pay and time records demonstrate instances when Plaintiff and Collective Action Members

were required to clock out for uncompensated rest break of less than 20 minutes in duration. Regardless of the purpose of these rest breaks, *e.g.*, whether or not they were meal breaks that were cut short due to interruption, this was compensable time that led to under compensation of overtime wages in workweeks in which Plaintiff and Collective Action Members worked over forty (40) hours. The information needed to calculate damages—specifically the dates of the shifts worked, the total number of hours worked per week, and the base hourly rate of pay for each worker—exists in Defendant's timekeeping and payroll databases. The damage calculation itself will be a straightforward accounting process.

### VI.   COLLECTIVE ACTION CLAIM
### COUNT I: DEFENDANT'S WILLFUL VIOLATION OF
### 29 U.S.C. § 207 - OVERTIME

28. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

29. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of others similarly situated with respect to his pleaded FLSA rest break violation.

30. The action is filed on behalf of all of Defendant's hourly-paid direct patient care nurses and technicians who worked at all DaVita locations during the three years preceding the filing of this action through entry of judgment in this case, whose overtime pay was docked pursuant to uncompensated rest breaks ("the FLSA Rest Break Class")

31. The FLSA 216(b) collective action class may be defined as:

**All current and former hourly paid nurses and technicians employed at all DaVita locations to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendant's practice of not paying for rest breaks 20 minutes or shorter in duration, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses and technicians worked more than forty (40) hours per week**

## VII. DAMAGES

### A. FLSA Collective Action Damages.

32. Plaintiff and Collective Action Members are entitled to recover their unpaid overtime compensation within the FLSA's three-year statutory period, as Defendant's violation was willful.

33. Plaintiff and Collective Action Members are also entitled to an amount equal to all of their unpaid overtime compensation as liquidated damages. 29 U.S.C. § 207 and 216(b).

34. Plaintiff and Collective Action Members are also entitled to recover their attorney's fees and costs as provided for by the FLSA. 29 U.S.C. § 216(b).

## VIII. PRAYER

### A. FLSA COLLECTIVE ACTION RELIEF — OVERTIME

For the foregoing reasons, Plaintiff respectfully request judgment to be entered against Defendant awarding Plaintiff and the FLSA Collective Action Members:

1. overtime compensation for all unpaid overtime hours worked in excess of forty (40) in a week at the rate of one and one-half times their regular rates of pay;

2. an amount equal to the sum of the unpaid overtime compensation, as liquidated damages allowed under the FLSA;

3. reasonable attorney's fees, costs and expenses of this action as provided for by the FLSA;

4. post judgment interest at the highest rates allowed by law on all damages; and

5. such other and further relief, at law or in equity, to which Plaintiff and the FLSA Collective Action Members may be entitled.

        Respectfully submitted,

By: */s/ Ricardo J. Prieto*
    Ricardo J. Prieto
    Texas State Bar No. 24062947
    rprieto@wageandhourfirm.com
    Melinda Arbuckle
    Texas State Bar No. 24080773
    marbuckle@wageandhourfirm.com
    WAGE AND HOUR FIRM, LLP
    400 North Saint Paul Street, Suite 700
    Dallas, Texas 75201
    (214) 210-2100 – Telephone
    (469) 399-1070 – Facsimile

    Germaine Jones
    Texas State Bar No. 24132059
    gjones@foresterhaynie.com
    FORESTER HAYNIE, PLLC
    400 North Saint Paul Street, Suite 700
    Dallas, Texas 75201
    (214) 210-2100 – Telephone
    (469) 399-1070 – Facsimile

    ATTORNEYS FOR PLAINTIFF &
    PUTATIVE FLSA COLLECTIVE ACTION